IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $1,044,080 SEIZED FROM A BINANCE ACCOUNT IN THE NAME OF "EVEGNII POLIANIN"<br><br>Defendant *in rem*. | NO. 3:22-CV-577 |

## UNITED STATES' COMPLAINT FOR FORFEITURE

The United States of America files this verified complaint *in rem* against approximately $1,044,080 seized from a Binance account in the name of "Evegnii Polianin" that is now located and in the custody and management of the Federal Bureau of Investigation ("FBI"), 1 Justice Way, Dallas, Texas 75220.

### I.    JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this case of action *in rem* by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a). Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b) because the acts giving rise to the forfeiture occurred in this district.

2. The statutory basis for this suit is 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) & (G). Also applicable are 28 U.S.C. §§ 2461 and 2465, 18 U.S.C. § 983,

and Rule G, Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (Supplemental Rules).

## II.   NOTICE AND POTENTIAL CLAIMANTS

3.   The Defendant Property listed above is located in Dallas County within the Northern District of Texas. The Defendant Property was seized on or about October 29, 2021, and received by the FBI on or about December 7, 2021 and December 29, 2021.

4.   The name and last known address of the individual reasonably appearing to the government as this time to be potential claimant to the Defendant Property is:

> Yevgeniy Igorevich Polyanin, a/k/a Evgeniy Polyanin, a/k/a Evegnii Igorevich Polianin
> Last known address
> Email address noolleds@gmail.com

Notice of this Complaint will be provided to the above-listed individual.

## III.   FACTS AND BASIS FOR FORFEITURE

5.   The Defendant Property is subject to civil forfeiture pursuant to the following:

   A.   18 U.S.C. § 981(a)(1)(C) & (G) because it constitutes or was derived from proceeds traceable to a violation, or conspiracy to violate 18 U.S.C. § 1030 (computer fraud);

   B.   18 U.S.C. § 981(a)(1)(C) because it constitutes or was derived from proceeds traceable to a violation, or conspiracy to violate 18 U.S.C. § 1343 (wire fraud);

  C. 18 U.S.C. § 981(a)(1)(A) because it was property involved in a violation of 18 U.S.C. §§ 1956 and 1957 (money laundering), and any property traceable to that property, or conspiracy to violate §§ 1956 and 1957.

  The offenses involved concern the ransomware variant known as Sodinokibi/REvil. Between on or about April 2019, and July 2021, ransomware attacks across the United States, and elsewhere, were committed resulting in the receipt of over $200 million dollars in ransom payments by Sodinokibi actors. The Defendant Property constitutes, was derived from, and is traceable to ransomware attacks committed by Polyanin. The Defendant Property is also involved in and traceable to the money laundering conspiracy involving Sodinokibi ransom payments. This is shown by the Verification Affidavit in Support of the United States' Complaint for Forfeiture of Special Agent Joshua Jacobs, filed under seal, and incorporated as Plaintiff's Appendix Exhibit 1. *See United States v. 2121 Kirby Drive*, No. H-06-CV-3335, 2007 WL 3378353, at *3 n.1 (S.D. Tex. Nov. 13, 2007) (the Court may consider the affidavit together with the complaint).

### IV. RELIEF SOUGHT

 THEREFORE, the United States requests the following:

  A. That the Clerk issue a warrant for the arrest of the Defendant Property, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

B.  That the United States Marshals Service (or designee) arrest the Defendant Property, pursuant to the warrant, as provided by Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

C.  That the United States publish notice of the complaint for forfeiture on the website www.forfeiture.gov for at least 30 consecutive days, in accordance with Rule G(4)(a)(iv)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

D.  That the United States serve notice, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, on any person reasonably appearing to be a known potential claimant, advising the person of the date of notice; of the deadline for filing a claim; that an answer or motion under Rule 12(b) must be filed no later than 21 days after the filing of the claim; and of the name of the name of the Assistant United States Attorney to be served with the claim and answer;

E.  That the Court, after all proceedings are had on this complaint for forfeiture, declare the Defendant Property forfeited to the United States according to law;

F.  That the Court appropriately tax all costs and expenses incurred by the United States in obtaining the forfeiture of the Defendant Property against any persons or entities who filed a verified claim and answer in this case;

G.  That the Court grant the United States any further relief, at law or in equity, to which it may show itself justly entitled.

Dated this 10th day of March 2022.

                          Respectfully submitted,

                          CHAD E. MEACHAM
                          UNITED STATES ATTORNEY

                          */s/ Tiffany H. Eggers*
                          TIFFANY H. EGGERS
                          Assistant United States Attorney
                          Florida Bar No. 0193968
                          1100 Commerce Street, Third Floor
                          Dallas, Texas 75242-1699
                          Telephone: 214-659-8600
                          Facsimile: 214-659-8805
                          Tiffany.Eggers@usdoj.gov
                          ATTORNEY FOR PLAINTIFF

## VERIFICATION OF COMPLAINT

I, Joshua Jacobs, am a Special Agent with the Federal Bureau of Investigation, and I have been assigned to assist in the forfeiture of the Defendant Property. I have read the foregoing Complaint for Forfeiture and know its contents. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual information in the Complaint for Forfeiture is true and correct to the best of my knowledge.

Executed on:  March 10, 2022

JOSHUA JACOBS, SPECIAL AGENT
Federal Bureau of Investigation